# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6217 | **DATE** | 11/5/2002 |
| **CASE TITLE** | Tax Track System vs. New Investor World | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set out in the Memorandum Opinion and Order, defendant's Fourth Rule 37 Motion for Sanctions is granted. All matters relating to the referral of this case having been concluded, the referral is closed and the case is returned to the assigned judge.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | NOV 6 2002 date docketed | 99 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | MW docketing deputy initials | |
| | Mail AO 450 form. | | 11/5/2002 | |
| ✓ | Copy to judge/magistrate judge. | | date mailed notice | |
| MW | courtroom deputy's initials | | MW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


DOCKETED
NOV 6 2002

| | |
|---|---|
| TAX TRACK SYSTEMS, CORP., <br>     Plaintiff/Counter-defendant, <br><br> v. <br><br> NEW INVESTOR WORLD, INC., <br>     Defendant/Counter-claimant. | Cause No. 01 C 6217 <br><br> Judge Robert W. Gettleman <br> Magistrate Judge Geraldine Soat Brown |

## MEMORANDUM OPINION AND ORDER

Geraldine Soat Brown, United States Magistrate Judge

Before this Court is Defendant's Fourth Rule 37 Motion for Sanctions. [Dkt 92.] For the reasons set out herein, that motion is granted.

### FACTUAL BACKGROUND

On April 23, 2002, this Court granted in part Defendant's Second Rule 37 Motion for Sanctions, and entered an order providing, in part: "The documents sought by the defendant, i.e., the confidentiality agreements entered into by the plaintiff with other persons or entities, shall be produced unredacted to the defendant's counsel no later than 4/26/02." (Minute Order of April 23, 2002.) [Dkt 61.] The objections of plaintiff Tax Track Systems Corporation ("Tax Track") to that order were overruled by the District Judge on July 30, 2002. [Dkt 70.]

The present motion by defendant New Investor World ("NIW") arises from the fact that a confidentiality agreement apparently entered into between Tax Track and Prudential Insurance Company dated May 3, 2000 was first produced by Tax Track at the deposition of Maria Umbach,

1

a vice-president of Prudential, on September 27, 2002. NIW seeks as a sanction that any testimony relating to the existence of that confidentiality agreement be stricken and NIW be awarded its attorneys' fees for filing the motion.

Tax Track responds with the declaration of its president William Gray. (Pl.'s Resp. 4th Mot. Sanctions, Ex. A.) Mr. Gray states that upon the entry of the order compelling the production of the confidentiality agreements, he located a file folder containing approximately 190 confidentiality agreements "that Tax Track had entered into with prospective individual clients or their personal advisors." (*Id.* ¶ 3.) He forwarded them to Tax Track's counsel for production by April 26, 2002 and "believed in good faith that all of the confidentiality agreements Tax Track had with clients were contained in that file." (*Id.* ¶ 4.) After the death of his mother on April 21, 2002, Mr. Gray spent several weeks in Grand Forks, North Dakota arranging her estate's affairs. He had some Tax Track files sent there for his review. (*Id.* ¶ 5.) In July, 2002, he realized that certain Tax Track files were still at his mother's home, including the confidentiality agreement with Prudential. At the time that he located the agreement with Prudential, Tax Track was preparing its response to NIW's second request for documents and Mr. Gray "put the Prudential Agreement in with the files that were to be made available for inspection, subject to Tax Track's objections." (*Id.* ¶ 6.) Because of disputes between the parties relating to that production, NIW's counsel did not inspect those documents until October 2002. When Tax Track's counsel was preparing for Ms. Umbach's deposition, Mr. Gray reminded counsel about the Prudential agreement, and faxed it to counsel so that Ms. Umbach could be examined on it. (*Id.* ¶ 7.) Mr. Gray states that he did not intend to disregard the Court's order. (*Id.* ¶ 8.)

As NIW observes, the agreement bears a facsimile date/time notation showing that it was

transmitted on September 27, 2002 at 1:10 p.m. (Def.'s 4th Rule 37 Mot., Ex.1.) Ms. Umbach's deposition was scheduled for that day beginning at 2:00 p.m. (Def.'s 4th Rule 37 Mot. at 2.)

## ANALYSIS

Federal Rule of Civil Procedure 37(b)(2) provides that if a party fails to obey an order to provide or permit certain discovery, the court may make such orders regarding the failure as are just, including but not limited to those set out in subsections (A) through (E) of that Rule. There is no dispute that the confidentiality agreement with Prudential was subject to the April 23, 2002 order, and was required to be produced by April 26, 2002. Tax Track does not argue otherwise.[1] Indeed, Mr. Gray acknowledges that he realized that the confidentiality agreement had to be produced. (Gray Dec. ¶ 6.) The only issue is whether, notwithstanding the order, Tax Track was entitled to hold the agreement back as part of Tax Track's production in response to NIW's second production request, which, as Mr. Gray notes, was "subject to Tax Track's objections."

The answer to that is obvious. The order specifically required production of all confidentiality agreements by April 26, 2002. Tax Track's objections to that production had been overruled by this Court, and by July 30, 2002, Tax Track's objections to this Court's order had been overruled by the District Judge. There is no excuse for Tax Track's failure to produce the confidentiality agreement immediately upon locating it, which Mr. Gray admits, was sometime in July. The date that NIW inspected the documents responsive to its second request is irrelevant. The

---

[1] It is disquieting that Mr. Gray's declaration appears to hedge on the issue of whether all confidentiality agreements have been produced. For example, Mr. Gray states that he believed that all confidentiality agreements "with clients" were in the file that had been produced. (Gray Dec. ¶ 4.) He further states that he did not approach Prudential as a client, but rather as an insurer. (*Id.* ¶ 7.) The order was not limited to confidentiality agreements "with clients." It specifically required production of confidentiality agreements entered into by Tax Track "with other persons or entities."

3

confidentiality agreements were the topic of an order in April, 2002; they were not subject to whatever objections Tax Track asserted in July 2002 in response to the second request.

Tax Track's actions in this instance again reflect a pattern discussed in the Memorandum Opinion and Order regarding NIW's Third Rule 37 Motion for Sanctions: Tax Track apparently believes that it can be the judge of when and how it produces documents in discovery, and can do so to suit its purposes. The idea that Tax Track could withhold a document that it was specifically ordered to produce by April 26, 2002 and pull it out for use for its own purposes at a deposition in September is contrary to the letter and spirit of the Federal Rules. Accordingly, NIW's Fourth Rule 37 Motion for Sanctions is granted, and it is hereby ordered as follows:

1. Plaintiff Tax Track may not use the confidentiality agreement between Tax Track and Prudential dated May 3, 2000 for any purpose in this lawsuit;

2. That portion of the deposition of Maria Umbach relating to questioning about that confidentiality agreement may not be used by Tax Track for any purpose in this lawsuit;

3. Tax Track shall pay defendant NIW's costs and attorneys' fees for the time spent preparing and filing Defendant's Fourth Rule 37 Motion for Sanctions, not including any time for interoffice conferences. NIW's counsel shall submit a specification of fees and costs to Tax Track's counsel by December 2, 2002. The parties shall follow Local Rule 54.3 (d) through (f) regarding any disputes about the fees and costs.

**IT IS SO ORDERED.**

GERALDINE SOAT BROWN
United States Magistrate Judge

**DATED: November 5, 2002**

4