IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAX TRACK SYSTEMS CORPORATION, | ) |
| Plaintiff, | ) |
| | ) No. 01 C 6217 |
| | ) Judge Robert W. Gettleman |
| NEW INVESTOR WORLD, INC., | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Defendant New Investor World Inc seeks a turnover of funds and assignment of this cause of action, currently on appeal, as a result of a judgment entered in its favor against plaintiff for $251,000 in attorneys' fees and $12,181.23 in costs. To enforce that judgment, defendant served plaintiff with a citation to discover assets which, after some wrangling by the parties, resulted in the discovery that plaintiff's principal and sole shareholder, William Gray, had paid directly to plaintiff's current law firm, Leonard, Street & Deinard, a total of $115,000 to represent plaintiff in the post-judgment and appeal matters involving this case. Defendant claims that that sum should be regarded as an asset of the corporation and turned over to defendant. In addition, defendant seeks an assignment of this cause of action, upon which defendant would dismiss the appeal and end this litigation. The court denies defendant's motion for the reasons stated below.

First, with respect to the $115,000 advanced by Mr. Gray for plaintiff's legal fees, prior to the current motion defendant has not alleged, and certainly has not offered sufficient proof to establish, that Mr. Gray is the alter ego of plaintiff, or that plaintiff's corporate veil should otherwise be pierced. Indeed, it appears that Mr. Gray has loaned money to plaintiff on prior

occasions, which sums are still unpaid, and voluntarily advanced the $115,000 to plaintiff's law firm to prosecute the appeal (as well as represent plaintiff in the post-judgment enforcement matters including the instant motion). Without piercing the corporate veil, there is simply no basis to attach the monies paid to the law firm to satisfy the judgment entered in defendant's favor.

Defendant's motion to compel the assignment of this case (and the current appeal) is based on 735 ILCS 5/2-1402(c), which provides in pertinent part that, "When assets are income of the judgment debtor not exempt from the satisfaction of a judgment, a deduction order or garnishment are discovered, the court may, by appropriate order or judgment: . . . [c]ompel any person cited to execute an assignment of any chose in action . . ." Neither party has directed this court to any case in which a court has ordered the judgment debtor to assign the very chose in action from which the judgment arose. This is not surprising, because such an interpretation of the statute would result in the extinction of every appeal from an adverse judgment by an impecunious judgment debtor. This court will not interpret the statute that broadly, or reach such an absurd result.

In addition, both parties recognize that the Illinois post-judgment statute is permissive rather than mandatory ("The court <u>may</u> by appropriate order or judgment . . ."; emphasis added). Accordingly, this court has the discretion to avoid the result sought by defendant in this case, and so exercises its discretion.

For theses reasons, defendant's motion for turnover of the funds advanced by Mr. Gray to plaintiff and for assignment of this cause of action is denied.

**ENTER:** June 9, 2006

_____
**Robert W. Gettleman
United States District Judge**